## HARTMAN v. RUBY.

CONTRACTS; DAMAGES; EVIDENCE; GUARANTY; EXCHANGE OF LANDS; MEASURE OF DAMAGES; TRIAL; INSTRUCTION TO JURY; BURDEN OF PROOF; COVENANTS; REASONABLE TIME; ARREST OF JUDGMENT; SEVERAL COUNTS; GENERAL VERDICT.

1. Where one party to an agreement for the exchange of lands, makes a supplemental agreement to reconvey to the other party a parcel of land which by mistake had been included in the deed made to him in pursuance of the agreement to exchange, but, instead, conveys such parcel to a third person, he is liable in damages for the breach of his agreement to reconvey.

2. Where in an agreement in writing to exchange unincumbered farm land for three parcels of incumbered city land, which

agreement is to be executed by mutual conveyances, a covenant is contained whereby the owner of the incumbered properties, for the benefit of the other party, guarantees to sell such properties for a specified sum, the legal construction of the guaranty to sell is that the guarantor will sell the three parcels for the specified sum, over and above the amount of the incumbrances upon them at the time of the exchange.

3. In an action to recover damages for breach of such a guaranty, it is error for the trial court at the request of the plaintiff to admit oral evidence to explain that the meaning of the guaranty is that the defendant was to sell for the sum specified over and above the incumbrances; but for such error a judgment for the plaintiff will not be reversed at the instance of the defendant, the error not being prejudicial but favorable to the defendant.

4. In such a suit, testimony as to the values of the properties exchanged, and deeds of the land received by the defendant in the exchange, made by him subsequently thereto, and by others who derived title from him, are admissible in evidence to prove the amount of damages the plaintiff sustained.

5. The measure of damages, in such a case, is the difference between the value of the plaintiff's land conveyed to the defendant and the value of the defendant's land conveyed to the plaintiff, over and above the incumbrances upon the latter, provided that such difference does not exceed the sum for which the defendant agreed to sell; and, in the discretion of the jury, interest on the amount, if any, found to be due from a date not earlier than the commencement of the suit.

6. It is not error for the trial court to qualify an instruction offered by the defendant that the burden of proof is on the plaintiff to establish the allegations of his declaration by a preponderance of the testimony, by adding that such allegations may be established by testimony presented on behalf of the defendant or by the defendant's admissions, if the jury shall find such testimony or admissions.

7. Where an agreement to exchange lands contains covenants on the part of each party to pay taxes on his property to the date of the exchange, and also contains a covenant by one of the parties to sell the property he is to part with in the exchange for a specified sum, for the benefit of the other party, the covenants to pay taxes and the covenant to sell are not mutually dependent covenants, so as to make payment of taxes by the party in favor of whom the covenant to sell is made, a condition precedent to his recovery for a breach of such covenant; but such failure to pay taxes may be shown in diminution of damages.

8. Where no time was limited for the performance of a written

guaranty to sell land and after the expiration of 21 months suit was brought for its breach, it was *held*, that the defendant had had a reasonable time, especially where it appeared that the plaintiff had repeatedly requested the defendant to sell and that the defendant had not done so and apparently had no intention of doing so.

9. A declaration in covenant for breach of a guaranty to sell land is sufficient which sets forth the covenant fully and alleges the violation of it and claims that the plaintiff has been damaged in a specified sum. The amount and nature of the damage sustained are matters of proof and there is no necessity of specifying them in the declaration.

10. A ground of error in a motion in arrest of judgment, stated as "For errors and defects apparent on the face of the record" is too general to be made the basis of an assignment of error on appeal.

11. Where a declaration contains two or more counts the trial court may direct a verdict upon each count, but if the jury are not so directed and return a general verdict, their action in so doing is not ground for arresting the judgment.

No. 937. Submitted January 11, 1900. Decided February 6, 1900.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon the verdict of a jury in an action of covenant. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is a suit at common law on a covenant contained in · a contract under seal entered into by the parties for an exchange between themselves of certain pieces of real estate owned by them.

The appellee, Milton Ruby, was the owner of two adjoining farms in Frederick County, in the State of Maryland, one of 208 acres, said to have been unincumbered, and which figures in this suit, and the other of 68 acres, which, although frequently referred to in the testimony, is not involved in the present litigation. The appellant, Lancelot A. Hartman, was the owner of three several pieces of real estate in the city of Washington, all of which were covered by mortgages, to the aggregate amount of about $14,000. The parties agreed upon an exchange. The appellee contracted

to give his farm of 208 acres, exclusive of a tract of about two acres, known as the orchard, adjacent to his residence, to the appellant in exchange for the Washington City property of the latter; and the appellant contracted to convey to the appellee the three pieces of Washington City property, subject to three several deeds of trust or mortgages specifically enumerated in the deed or articles of agreement. In the contract the appellant, Hartman, entered into a covenant with the appellee in these terms: "And the said Lancelot A. Hartman guarantees to sell said properties hereby conveyed by him to party of the first part (Ruby) for a sum of money that shall not be less than $17,000."

Deeds were duly executed in pursuance of the contract. The appellee conveyed the farm for the nominal consideration of $10,000; the testimony, however, on behalf of the appellee being that it was worth at the time from $80 to $85 an acre, while the testimony on behalf of the appellant indicated a valuation of from $40 to $55 an acre. By a mistake, conceded by the parties to have been such, the orchard property of two acres, heretofore referred to as having been excluded from the contract, was in fact included in the deed from the appellee to the appellant. A supplemental contract was thereupon made for its reconveyance; but the appellant, instead of giving effect to this supplemental agreement, and in a palpable violation of it for which no excuse is offered in the record, conveyed this orchard property to a third person.

The appellant conveyed the Washington City lots to the appellee subject to the three mortgages or deeds of trust recited, which the appellee assumed to pay. But the appellant seems thereafter to have made no effort to perform his covenant or guarantee to sell the property conveyed by him for the sum of $17,000, or for any other sum. The contract had been entered into on March 13, 1895; and the appellee, deeming that he had waited a sufficient time for the performance of the covenant by the appellant, instituted the

present suit against the latter on December 21, 1896, for the non-performance of the covenant, and also for the failure of the appellant to reconvey the orchard tract.

The declaration contained two counts. The first alleged damages to the plaintiff to the amount of $17,000 for the failure and refusal of the defendant to sell for that amount the property conveyed by him to the plaintiff. And the second count alleged damages to the amount of $3,000 for the defendant's failure to reconvey the orchard lot, according to his agreement.

Thirteen pleas were filed for the defendant; four others were afterwards added. Three of these seventeen pleas were eliminated on demurrer. Others of them might perhaps have been disposed of in the same way. All of them which were appropriate amounted to the general issue, and the parties went to trial upon them.

At the trial, the plaintiff having proved the two contracts which have been mentioned, the one for the exchange of the respective properties of the parties of the date of March 13, 1895, which contained the covenant sued on in the first count of the declaration, and the supplemental contract of March 22, 1895, which was for the reconveyance of the orchard lot, and the violation of which was the subject matter of the second count of the declaration, thereupon offered to adduce evidence to show that, by the covenant sued on in the first count, it was meant that the appellant, Hartman, should sell for the appellee the properties conveyed by the former to the latter at a sum not less than $17,000 over and above all incumbrances thereon; and being requested by the court to reduce the offer to writing, he proceeded so to do. As this offer is the foundation of the greater part of the controversy before us, it will be proper to state it in full, as set forth in the record. It is as follows:

"For the purpose of explaining the words—'and the said Lancelot A. Hartman guarantees to sell said properties

16 Ct. App.—5

hereby conveyed by him to party of the first part for a sum of money which shall not be less than $17,000'—contained in the agreement for exchange in evidence, we offer to prove: 1st. That at the time of the execution of said agreement the plaintiff owned the farm mentioned in the said agreement, unincumbered, worth about $17,000, and that the defendant owned the three parcels of property therein mentioned, incumbered to the extent of $14,000, which were not worth $17,000 over and above said incumbrances: 2d. That before, at and after the execution of said agreement of exchange the defendant stated to plaintiff and others that he, the said defendant, was to sell the said three pieces of property for the plaintiff, so as to realize $17,000 for the plaintiff over and above said incumbrances."

To this offer objection was made on behalf of the defendant; but after argument the objection was overruled, and the plaintiff was allowed to adduce testimony in accordance with his offer. To this ruling of the court, and to each and every part of the testimony offered in pursuance of it, an exception was reserved on the part of the defendant. In the course of this testimony it was developed that the appellant had speedily disposed of the property conveyed to him by the appellee; and that therefore rescission of the contract for fraud was impossible.

On the part of the defendant a large amount of testimony was introduced, including a very considerable amount of correspondence between the parties and between the appellee and the real estate agents who were concerned in the transaction. Some of this testimony was intended to show the circumstances under which the agreements between the parties were effected; but most of it was to show the respective values of the property conveyed. For the purposes of our decision it is not necessary to refer to it more in detail. But it may be stated that, in the course of it, the defendant's witnesses who were present at the making

of the contract of March 13, 1895, admitted upon cross-examination that it was the understanding that the Washington City property should sell for $17,000 over and above the incumbrances upon it; and that the defendant himself, when he became a witness on his own behalf, testified that "he did not know whether it was meant that he was to sell the property for $17,000 over and above the incumbrances or not."

At the conclusion of the testimony, four instructions asked by the plaintiff were given to the jury; and fifteen requested by the defendant were all refused. To the rulings of the court thereon exceptions were duly taken.

The jury returned a verdict for the plaintiff in the sum of $16,500, with interest thereon from December 21, 1895, the date of the filing of the declaration. Motions for a new trial and in arrest of judgment were immediately interposed; but they were overruled, and judgment was entered for the plaintiff in accordance with the verdict. From this judgment the defendant has appealed.

*Mr. Wm. J. Miller* for the appellant:

The agreement set out in the first count of the declaration is plain, clear, distinct and unambiguous, and hence evidence was inadmissible to explain, alter, add to or modify said contract. *Dixon* v. *Clayville*, 44 Md. 573; *Clark* v. *Lancaster*, 36 Md. 196; *Marshall* v. *Haney*, 4 Md. 48; *Dance* v. *Dance*, 56 Md. 437; *Stockham* v. *Stockham*, 32 Md. 196; *Allen* v. *Bryson*, 67 Iowa, 591; *Stewart* v. *Murray*, 13 Minn. 246; *Clark* v. *Russell*, 3 Dall. 434; *Shankland* v. *Mayor*, 5 Pet. 390; *Sprigg* v. *Bank*, 14 Peters, 201; *Canal Co.* v. *Penna. Co.*, 8 Wall. 290. If the evidence was offered for any other purpose it was irrelevant and inadmissible.

*Mr. Henry E. Davis* and *Mr. Charles Cowles Tucker* for the appellee:

That the ambiguity involved is latent and properly the subject of explanation by parol evidence is abundantly clear.

Extrinsic evidence is not admissible to remove a patent ambiguity, for if a meaning be assigned by aid of extrinsic evidence to that which is apparently destitute of meaning the effect of the instrument would depend not upon the instrument, but upon the force of the oral testimony. But this rule must be qualified in regard to an ambiguity which is latent and not patent, for then proof of collateral facts and surrounding circumstances existing at time the instrument was made may be properly admitted so that the court may be placed as nearly as possible in the same situation as the parties themselves with a view the better to adjudge in what sense the language of the instrument was intended to be used and to apply it to the subject matter. *Bradley* v. *Steamboat Co.,* 13 Pet. 89; *Cole* v. *Wendel,* 8 John. 116; *Reid* v. *Insurance Co.,* 95 U. S. 23; *Clay* v. *Field,* 138 U. S. 464; *Keller* v. *Webb,* 125 Mass. 88; *Hurley* v. *Brown,* 98 Mass. 545; *Fryer* v. *Patrick,* 42 Md. 51; *Warfield* v. *Booth,* 33 Md. 63; *McCreary* v. *McCreary,* 5 G. & J. 147.

When in applying the terms of a contract to the subject matter thereof a latent ambiguity is disclosed, then, for the purpose of applying the terms to the subject matter and removing the ambiguity, it is proper to show by the declaration of the parties themselves, made before, at the time of executing the contract or afterwards, what was their understanding of the meaning of the words used. *Keller* v. *Webb,* 125 Mass. 88; *Stoop* v. *Smith,* 100 Mass. 63; *MacDonald* v. *Dana,* 154 Mass. 152.

Mr. Justice MORRIS delivered the opinion of the Court:

1. With reference to the recovery sought by the second count of the declaration for the failure of the defendant to reconvey the so-called orchard lot to the plaintiff, no consideration is required by us. The plaintiff's testimony fully sustains his claim in that regard; and there is no pretense of testimony to controvert it. Whatever may be thought of the defendant's action in other respects, there can not be

the least doubt that his disposition of the orchard lot in violation of his contract was a deliberate fraud upon the plaintiff's rights for which the plaintiff was entitled to recover damages. The fourth instruction given by the court to the jury on behalf of the plaintiff so held; and it was a proper instruction. The defendant requested no instruction on the point; but contented himself with an exception to the instruction granted for the plaintiff, which is made the basis of one of his assignments of error, the twenty-fourth in the series. This assignment, therefore, is without merit.

2. Addressed mainly to the subject matter of the controversy under the first count of the declaration, there is the unusually large number of forty-four (44) assignments of error, which, however, may be reduced to three or four different heads, and so considered by us. The greater number of them simply raise the same question, that of the admissibility of oral and extraneous evidence to explain the written contract between the parties; and this is the principal question in the case.

Of course, the law is well settled, that, in general, no such evidence is admissible. But the theory of the plaintiff is that there is a latent ambiguity in the contract by reason of the use of the word "properties;" and therefore that it was competent to show by extraneous evidence what the intention was of the parties in the use of the word. The argument is, that by the word "properties" was meant, not the several pieces of property or land conveyed, but the interest of the defendant therein; and that the guarantee that the sale of the property should realize not less than $17,000, meant $17,000 over and above the incumbrances.

But we think that there is neither latent nor patent ambiguity in the contract in such sense as that extraneous testimony is required to explain it. If there is ambiguity at all, it seems to us to be rather patent than latent. But the language appears to us to be sufficiently plain, although

it might have been more lucidly expressed. The language is that "the said Lancelot A. Hartman guarantees to sell said properties hereby conveyed by him to party of the first part for a sum of money that shall be not less than $17,000." What property or properties did Hartman convey, or contract to convey? Not any specific parcels or lots of land, but those parcels of lands subject to certain distinctly specified mortgages—in other words, his equities or equitable estates in those several parcels. And it is what he conveyed that he contracted to sell for the benefit of the plaintiff for not less than $17,000. It necessarily follows that he guaranteed that the equitable estates which he conveyed to the plaintiff were worth not less than $17,000. This is the legal construction of the contract; and while the insertion of the words "over and above all incumbrances" after the $17,000 might have more fully expressed the intention of the parties, they were not necessary. And, of course, it was not necessary to supplement the legal construction of the contract by any testimony to show that this legal construction was what the parties intended. Oral and extraneous testimony to explain the contract was, therefore, both unnecessary and improper.

But is the judgment to be reversed because there was error in the admission of this extraneous testimony? By no means. The error evidently did no harm to the defendant. The oral testimony simply tended to prove what the contract itself should be construed to have conclusively proved. It added nothing in law to the force of the contract. In fact, the error must be deemed to have been beneficial rather than injurious to the defendant, since it left it to the jury to determine what the contract meant, or what the true contract was between the parties, when the court might have positively and peremptorily instructed the jury that it meant precisely what the plaintiff contended was the intention. Such an error under such conditions is not one for which a reversal of judgment would be justifiable.

These considerations will serve to dispose of sixteen of the appellant's forty-four assignments of error; namely, the first, second, third, fourth, fifth, sixth, seventh, eighth, fourteenth, fifteenth, seventeenth, eighteenth, twentieth, twenty-ninth, thirtieth and thirty-first—all of which are based on the admission in evidence of the oral and extraneous testimony adduced by the plaintiff.

But while the plaintiff's testimony introduced for the purpose of explaining the written contract was inadmissible for that purpose, a large part of the testimony, to which exception seems to have been taken, was admissible to prove the amount of damage sustained by the plaintiff. In that category is included the testimony adduced to show the values of the several pieces of property conveyed by the defendant to the plaintiff and of the farm conveyed by the plaintiff to the defendant. And the deeds of the farm made subsequently by the appellant and by others who derive title from him were admissible for the same purpose, and for the purpose of showing that the defendant had placed it out of his power to reconvey the orchard lot, or to submit to a rescission of the contract. We find no error in the admission of any of this testimony. And, consequently, we must hold that the eleventh, twelfth and thirteenth assignments of error, which are based upon such admission, are without foundation in law.

The ninth and tenth assignments of error are trivial and unimportant, and do not seem to be seriously insisted on. The sixteenth and nineteenth assignments relate to questions propounded to the defendant's witnesses in cross-examination intended to impeach their veracity, or, rather, to lay the foundation for such impeachment. We find no merit in any of these assignments, and need not give them further consideration.

Nineteen assignments of error are based on the granting of the four instructions given to the jury on behalf of the plaintiff, and the refusal of the fifteen instructions requested

on behalf of the defendant.   Of these nineteen assignments of error, one, the twenty-fourth in the series, has reference to the second count in the declaration, and has already been disposed of; and three, the twenty-ninth, thirtieth and thirty-first, which are founded upon three several instructions requested by the defendant with regard to the testimony introduced by the plaintiff to explain the written contract, have likewise been disposed of in our consideration of that testimony, and the admissibility of it.   The refusal of these instructions, under the circumstances, could not have prejudiced the defendant.

3. As already stated, three instructions were given to the jury on behalf of the plaintiff with reference to the principal subject of controversy, the guarantee of the defendant to sell the property conveyed by him for not less than $17,000.   Two of these were substantially to the effect that, if the jury should find the facts to be as claimed by the plaintiff, the latter was entitled to recover the difference between the value of the plaintiff's farm conveyed to the defendant and the value of the defendant's property conveyed to the plaintiff over and above the incumbrances on the latter, provided that such difference did not exceed $17,000.   And the third instruction was to the effect that, if the jury found for the plaintiff, they might, in their discretion, allow interest on the amount found from a date not earlier than that of the filing of the declaration.

We find no error in these instructions.   If the plaintiff was entitled to recover at all—and the facts entitling him to recover were more fully left to the jury than they should have been—the rule of damages was accurately stated.   If there was any error in the instructions, it was one resulting from the introduction of the oral testimony.   But this error, as we have already said, was one favorable to the defendant, inasmuch as it left to the jury to determine a point which might have been conclusively ruled as matter of law in favor of the plaintiff.   The assignments numbered twenty-one,

twenty-two and twenty-three, based on the granting of these instructions, must therefore fail.

4. Of the fifteen instructions requested by the defendant, all were refused; although one, the first, as modified by the court, was given. But the defendant did not consent to the modification. And upon these rulings by the court there were sixteen exceptions, the last being to the granting of the defendant's first instruction as modified. This first instruction, as requested, was the expression of an abstract proposition of law, that the burden of proof was upon the plaintiff to establish his case by a preponderance of evidence; which, of course, might well be given to the jury in any case. But we fail to see wherein the qualification diminishes the force of the proposition; for the qualification is as well established as the main proposition and is equally applicable to the present case. The qualification is that the burden of proof is upon the plaintiff to establish by a preponderance of evidence the case presented by the allegations of his declaration, but that such allegations may be established by testimony presented on behalf of the defendant or by the defendant's admissions, if the jury shall find such testimony or admissions. It is one abstract proposition superadded to another. We find no error in this action of the court, and no merit in the twenty-fifth and fortieth assignments of error based upon it.

5. The second, third and fourth of the instructions requested by the defendant, and for the refusal of which he makes the twenty-sixth, twenty-seventh and twenty-eighth assignments of error, sought to instruct the jury that the plaintiff was not entitled to recover on the first count of the declaration unless he proved that he had fully performed all the things specified in the contract to be performed by him, such as the payment of taxes on the farm. But this clearly is not the law as applicable to this case. The contract sued on was not dependent upon any conditions to be performed by the plaintiff; and the defendant's liability

upon it was wholly independent of any conditions imposed upon the plaintiff by other portions of the written agreement between the parties. If the failure of the plaintiff to pay the taxes on the farm was a fact, it was one to be shown by the defendant in diminution of the damages suffered by the plaintiff. Payment of such taxes was certainly not a condition precedent to the plaintiff's recovery in this case.

6. The fifth, sixth and seventh instructions requested by the defendant, and constituting the basis of his twenty-ninth, thirtieth and thirty-first assignments of error, have reference to the construction of the contract and the oral testimony admitted in explanation of it. We think that they have already been sufficiently considered in connection with the question of the admission of that testimony.

7. The eighth, ninth, tenth and eleventh instructions requested by the defendant, and for the refusal of which he has assigned the thirty-second, thirty-third, thirty-fourth and thirty-fifth assignments of error, sought to relieve the defendant from liability on the ground that no time was limited in the contract for the performance of this covenant or guarantee by the defendant. These instructions were very properly refused, for the reason that the defendant had had a reasonable time before the institution of the suit for compliance with his covenant.

There is testimony to show that he had been repeatedly requested by the plaintiff to perform it and that he had not done so, and apparently had no intention to do so. And with reference to the twelfth instruction asked by the defendant, which is also proper to be considered in this connection, and which is to the effect that the defendant is not liable if the plaintiff notified the defendant that he (the plaintiff) would not sell the property conveyed to him for $17,000, it does not appear that there is any testimony in the record upon which to base such an instruction. The instruction, therefore, was properly refused; and the thirty-sixth assignment of error founded upon it must fail.

8. By the thirteenth instruction requested, the defendant sought to have the jury told that there was no evidence to show that the plaintiff had suffered any damage; by the fourteenth instruction, that the plaintiff had not alleged any damage to himself by the breach of the agreement, and, therefore, could recover only nominal damages; and by the fifteenth instruction, that on the evidence the plaintiff was not entitled to recover at all on the first count of the declaration. We find nothing in the record to warrant any one of these instructions. We think there was abundant evidence to go to the jury which tended to show that the plaintiff had suffered damage by the failure of the defendant to perform his guarantee. As to the claim that the allegation of the plaintiff's declaration only justified nominal damages, it appears that the declaration is in the usual form of declarations in covenant; that it sets forth the covenant fully and alleges the violation of it by the defendant, and that it claims that the plaintiff has been damaged to the amount of $17,000. We fail to see wherein this allegation was insufficient. The amount and nature of the damage sustained were matter of proof, and there was no necessity for specification of them in the declaration.

9. The action of the court in overruling the defendant's motion in arrest of judgment is made the ground of four assignments of error, one for each reason stated in the motion. There are, in fact, five reasons stated in the motion, but the fifth is a duplication of the first, and neither one can be considered by us, since it is merely "for errors and defects apparent on the face of the record." This is too general. The second ground for the motion is that the plaintiff has not sufficiently set forth in the declaration how he has been damaged; the third is that only nominal damages should have been allowed by the jury, and the fourth is that the verdict of the jury should have specified how much they allowed on each count of the declaration.

The second and third of these grounds have been sufficiently considered in connection with the thirteenth and fourteenth instructions asked by the defendant and refused. With reference to the fourth ground, it is sufficient to say that it is contrary to all precedent in the District of Columbia. There is neither law nor practice in this District which requires that when two or more counts are combined in one declaration the verdict of the jury must be separate upon each count. A separate verdict upon each count may be directed by the court in such cases, if the circumstances require or justify it; but, unless the jury are so directed, it is not ground for arresting the judgment that the jury has conformed to the uniform practice and has rendered one entire verdict upon the declaration as a whole.

From what we have said, it follows, in our opinion, that none of the appellant's assignments of error are well founded in point of law, except those based on the admission of oral and extraneous evidence to explain the written contract, and that the error in this regard is not error prejudicial to the defendant which would justify a reversal of the judgment. We think that the judgment appealed from should be *affirmed, with costs. And it is so ordered.*